ON MOTION FOR REHEARING

PER CURIAM.
We grant the respondent’s motion for rehearing and substitute the following for the opinion issued on December 31,1997:
St. Andrews Country Club, Inc., petitions for certiorari relief from an order compelling it to produce extensive membership records, including application documents, to the plaintiffs, who sued the petitioner after being expelled from membership in the country club, in connection with that disciplinary action. We grant the petition.
The trial court granted broad discovery based on the entitlement of a member of a nonprofit corporation to corporate records; however, the records which the plaintiffs requested, production of which the trial court compelled, are ones as to which the member, must show are “directly connected with the member’s purpose.” § 617.1602(3)(c), Fla. Stat. (1997). In connection with this proceeding, the plaintiffs have conceded that the only records they need are (1) the social security numbers of all the members, in or *144 der to be able to conduct further investigation to determine which members have been convicted of felonies; and (2) the disciplinary records of all members.
We conclude that the trial court departed from the essential requirements of law to the extent that it compelled production under subsection 617.1602(2) without requiring the showing of direct connection under subsection 617.1602(3). Accordingly, we grant the petition, and quash the order compelling production. On remand, the trial court shall issue a new order compelling production which restricts production to those corporate records which are directly connected with the plaintiffs’ purpose.
POLEN, SHAHOOD and GROSS, JJ., concur.